NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALBANIAN ASSOCIATED FUND and IMAM ARUN POLOZANI | : : : : | Civil Action No. 06-cv-3217(PGS) |
| Plaintiffs, | : : |  |
| v. | : : | **OPINION** |
| THE TOWNSHIP OF WAYNE, and THE TOWNSHIP OF WAYNE PLANNING BOARD, | : : : : |  |
| Defendants. | : : |  |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to amend Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 15(a) and (d). The complaint, as originally pled, alleges eight causes of action[1] and requests various forms of declaratory, injunctive, and monetary relief, among other things. The initial complaint alleged an unlawful taking[2] and various constitutional and statutory violations (both state and federal) for the Wayne planning board's delay in processing the

---

[1] Count I: Violation of the United States Constitution Free Exercise of Religion: First and Fourteenth Amendments (42 U.S.C. § 1983); Count II: Violation of New Jersey Constitution Free Exercise of Religion: Article 1 ¶ 3; Count III: Violation of Religious Land Use and Institutionalized Persons Act of 2000 – "Substantial Burdens" (42 U.S.C. § 2000cc(a)); Count IV: Violation of Religious Land Use and Institutionalized Persons Act of 2000 – "Nondiscrimination" (42 U.S.C. § 2000cc(b)(2)); Count V: United States Constitution Fourteenth Amendment (Equal Protection) (42 U.S.C. § 1983); Count VI: New Jersey Constitution Article I, Paragraphs 1, 5, & 6 (Equal Protection); Count VII: Violation: United States Constitution Taking: The Fifth Amendment; Count VIII: New Jersey Law Against Discrimination N.J.S.A. § 10:5-12.5. The proposed amended complaint adds: Count IX: New Jersey Municipal Land Use Law N.J.S.A. § 40:55D-1 *et seq.*

[2] This Court has already temporarily enjoined the alleged unlawful taking.

Mosque's land use application.

The Court adopts the facts as stated in its last opinion wherein the Court denied motions for summary judgment.

I.

Presently, Plaintiffs add Count IX – violation of New Jersey Municipal Land Use Law ("MLUL"), N.J.S.A. § 40:55D-1 *et seq.*, and supplement Counts I through VIII to include not only the Defendants' *delay* in processing the land use application, but also their *denial* of the application on June 25, 2007.[3] The relief sought has also been amended to include reversing the planning board's denial of the land use application, and to grant said land use application. For the reasons set forth below, the motion to supplement Counts I through VIII is granted, but denied as to adding Count IX.

With regard to Counts I through VIII, as supplemented, the Plaintiffs' motion is granted. These eight counts are already properly before the Court and the supplementation would not prejudice the Defendants under applicable case law interpreting Rule 15. The Rule permits a party to amend a complaint with leave of the court or by written consent of the other party; and "leave shall be freely given when justice so requires." *Fed. R. Civ. P. 15(a)*. The Court can exercise this discretion freely unless there is "any apparent or declared reason – such as [1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [5] futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit has interpreted the factors enunciated in *Foman* "to emphasize that prejudice to

---

[3] The denial occurred well after the filing of the initial complaint, which was filed when the land use application was still pending.

the non-moving party is the touchstone for the denial of the amendment." *Hill v. Equitable Bank, N.A.*, 109 F.R.D. 109, 112 (D. Del. 1985) (citing *Cornell & Co. v. Occupational Safety and Health Rev. Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978)).

Rule 15 also allows for "supplemental pleading," where, upon motion, the court may "permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Fed. R. Civ. P. 15(d)*. Similarly to a motion to amend, "[i]n keeping with the liberal nature of Rule 15, a motion to supplement should be denied only where there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party or futility of amendment." *Life & Health Ins. Co. v. Federal Ins. Co.*, No. 92-6736, 1994 U.S. Dist. LEXIS 4639, at *3-4 (E.D. Pa. April 13, 1994). District courts also have discretion "to deny a supplemental complaint when it would raise new issues and unduly delay resolution of the case." Prejudice, for purposes of Rule 15, can include changing the theory of the case, causing the other side to engage in substantial new preparation, *Rehabilitation Inst. v. Equitable Life Assurance Society of the U.S.*, 131 F.R.D. 99, 102 (W.D. Pa. 1992), or where "allowing the amendment . . . would inject new issues into the case requiring extensive discovery." *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990).

Here, the counts, themselves, have not changed. Plaintiffs merely add a new *act* by Defendant that they allege violates the same statutory and Constitutional provisions already at issue in said counts. Furthermore, while discovery has long been completed as to the condemnation issue, full discovery has not yet been conducted on the other allegations in Counts I through VIII.[4] Since

---

[4] According to the parties at oral argument, some of the same issues that would arise in the remaining discovery have been addressed by the discovery had in the condemnation injunction proceeding. However, much remains to be discovered, as the rest of the counts encompass more issues, factually and legally, than did the injunction proceeding.

the parties will need to engage in discovery on these counts as to the alleged delay anyway, there is no prejudice in Defendants having to obtain discovery on the planning board's denial, especially since many of the factual and legal issues will be similar. Furthermore, the Defendants' brief in opposition to the motion to amend does not appear to even dispute the amendment of Counts I through VIII; it merely challenges the addition of Count IX based on its status as an action in lieu of prerogative writs.

Given the liberal allowance of amendments of pleadings and the lack of prejudice to the Defendants in this particular case, the Plaintiffs are allowed to amend their complaint as to Counts I through VIII,[5] and their motion is granted to that extent.

II.

Having allowed the claims in Counts I through VIII, the Court turns its attention to Count IX. Count IX is an entirely different cause of action, based on New Jersey MLUL. It challenges the planning board's decision as a whole as being arbitrary and capricious. For the following reasons, the Court denies Plaintiffs' motion to amend with respect to Count IX only.

Assuming that Count IX merely states a claim based on New Jersey MLUL,[6] this Court will decline jurisdiction because the federal courts are reluctant to interfere in municipal land use matters. Land use planning is an essential function of local government, especially in New Jersey where grass roots decision-making is the established policy. N.J. Const. Art. 4, §7, par. 11. As a result, the

---

[5] The original complaint, as well as the proposed amended complaint, both state (in a section labeled "Demand for Jury") that "Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Albanian Mosque hereby demands a trial by jury in this action of all issues so triable." However, at oral argument Plaintiffs' counsel indicated that Plaintiffs wished to waive a trial by jury. As such, the right has been waived and there will be no jury trial in this case.

[6] As argued in the alternative below, the Court is unclear as to whether Count IX is merely a New Jersey MLUL claim or if it contains a substantive due process component as well.

federal courts have opined that "land use policy customarily has been considered a feature of local government and an area in which the tenets of federalism are particularly strong," and it is not "the Court's function to act as a 'super zoning board' substituting its judgment for that of a democratically elected body on debatable issues of land use policy." *Hartman v. Twp of Readington*, No. 02-2017, 2006 U.S. Dist. LEXIS 60521, at *15 N.2 (D.N.J. 2006). Plaintiffs are asking this Court to assume that very role by requesting that the Court enter an order reversing the Wayne planning board and enter an order approving Plaintiffs' land use application.

Pursuant to the New Jersey Constitution, N.J. Const. Art. IV, § 6, par. 2, the legislature, in order to foster fair and impartial land use decisions at the municipal level, mandated uniform policies and procedures which every municipality must follow. *See* Municipal Land Use Law (N.J.S.A. 40:55D-1, *et. seq.*). The MLUL is a comprehensive statutory scheme which sets forth, inter alia, (a) the powers of the planning board and board of adjustment (N.J.S.A. 40:55D-13, -69); (b) the contents of the master plan (N.J.S.A. 40:55D-28); (c) the components of the official map (N.J.S.A. 40:55D-32); and (d) subdivision and site plan review process (N.J.S.A. 40:55D-37). Understanding the gravamen of planning board decisions, the legislature required that "hearings be held on each application for development" in order to protect the interests of the applicant and the objectors. N.J.S.A. 40:55D-10. In order to protect the integrity of such hearings, all applications and documents must be filed at least ten (10) days in advance, and must be available for public review. N.J.S.A. 40:55D-10b. Testimony at the hearing must be taken under oath, and cross examination of witnesses is permitted. N.J.S.A. 40:55D-10d. The municipality must record and preserve the testimony at the hearing. N.J.S.A. 40:55D-10f. In rendering a decision, the board shall "include findings of fact and conclusions . . . and shall reduce the decision to writing." N.J.S.A. 40:55D-10g. Finally, the written decision will be forwarded to the parties, and a synopsis published in the

newspaper.  N.J.S.A. 40:55D-10h.

Dovetailing into the hearing process is the means of appeal. The State Constitution establishes the right to challenge the actions of municipal agencies by an action in lieu of prerogative writ. N.J. Const. Art. 6, §5, par. 3.  In light of the constitutional mandate, the New Jersey Supreme Court has incorporated this cause of action into its Rules. *N.J.R.* 4:69-1.  The action is commenced in the Superior Court, Law Division.  It is a special cause of action because it is a non-jury proceeding with intensive case management, and is most often determined on the transcripts of the hearing below. *N.J.R.* 4:69-4.  Although discovery is permitted, it is usually "limited to the expert" testimony.  36 N.J. Prac. Land Use Planning. § 23.13-15.  Many of these appeals "are based on the administrative record made before the Agency below, and discovery is often limited to requiring production of that record." *Id.*  As a result, the trial may be conducted "without factual witnesses." 36 N.J. Prac. Land Use Planning § 23.19.  A court is obligated to review the entire record which includes the testimony of the parties, the comments of the municipal officials and most importantly the comments of the public.  In light of the state legislative mandate and the prioritization given to such applications by the Superior Court, the federal courts should be reluctant to intrude.

In this case, the main thrust of Plaintiffs' original action was an order to show cause prohibiting the Mayor and Council of Wayne Township from condemning the parcel in question. Plaintiffs alleged that the Wayne application was an unlawfully taking their land without public purpose in violation of their First Amendment rights.  Ancillary to this claim were a number of counts which basically set forth a cause of action against the Wayne planning board, an independent body, for unjustifiably delaying a decision on Plaintiffs' site plan application due to First Amendment, Equal Protection, and various statutory grounds.  Count IX is broader, and could be

interpreted to challenge the planning board's denial on MLUL grounds.[7]  Hence, the inquiry before the Court would be to evaluate a host of planning board rulings regarding lot restrictions, traffic, topography, and environmental concerns.

In Count IX, Plaintiffs allege that the planning board's denial of its land use application was "arbitrary, capricious, unreasonable and otherwise unlawful" and that the board "failed to apply the correct standard of review for an inherently beneficial use of property" in violation of MLUL.  These concerns are best addressed in the Superior Court where the Court reviews the entire record below.

The case law in this circuit reveals that federal district courts sometimes assert supplemental jurisdiction when facing claims under the MLUL alongside federal claims.  *See Twp. of W. Orange v. Whitman*, 8 F. Supp. 2d 408 (D.N.J. 1998); *Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of the Twp. of Scotch Plains*, 284 F.3d 442 (3d Cir. 2002).  However, the Third Circuit recently held that a district court Judge "did not err in concluding that [the Court] lacked subject matter jurisdiction to review [a] Planning Board's decision." *Internationally Hott II v. City of Elizabeth*, 134 Fed. Appx. 496, 498 (3d Cir. 2005).   The Court noted that "[a]n adjudication of municipal actions or zoning board and planning board decisions are accomplished by actions in lieu of prerogative writs before the New Jersey Superior Court, Law Division." *Id.*; *see also N.J.R.* 4:69-1.  This approach seems to make more sense.   Plaintiffs argue this claim under an "arbitrary and capricious" standard – an inquiry much different from that required in the other claims presented.  Such a specific, unique – indeed, almost administrative – type of action is more appropriately dealt with at the state level, where it is customarily heard.  Therefore, the Court holds that the proper venue for Count IX is in the New Jersey Superior Court, and that this Court elects not to exercise

---

[7] Again, as noted below, it is far from clear whether this is actually what the Plaintiffs intended to argue, or whether Count IX is actually a substantive due process claim.

jurisdiction over that claim. The portion of Plaintiffs' motion seeking to supplement the complaint by adding Count IX is denied.

In the alternative, this Court can dismiss Count IX based on the Federal Rules of Civil Procedure, Rule 8. The Rule states that a pleading setting forth a claim for relief "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks." *Fed. R. Civ. P. 8(a)(2)-(3)*. Rule 8 sets forth a liberal pleading requirement, and the rule is meant to require parties to give fair notice to the adversary of the basis of a claim. *Cooper v. Muldoon*, No. 05-4780, 2006 U.S. Dist. LEXIS 23388, at *9 (E.D. Pa. April 26, 2006). A district judge may dismiss a complaint (or count therein) *sua sponte* for failure to conform to the requirements of Rule 8. *See D.T.B. v. Dangler*, No. 05-4309, 2006 U.S. Dist. LEXIS 74613, at *8 (D.N.J. Oct. 6, 2006).

In this case, Plaintiffs' counsel at oral argument indicated that they were not seeking a review of the planning board's decision on due process grounds. However, the complaint seems to state otherwise. Count IX indicates that "[t]he actions of the Planning Board of the Township of Wayne were *arbitrary, capricious*, unreasonable and otherwise unlawful." Amended Complaint ¶ 115 (emphasis added). This "arbitrary and capricious" language is key language used in cases alleging violations of substantive due process. "To prevail on a substantive due process claim, a plaintiff must demonstrate that an arbitrary and capricious act deprived them of a protected property interest." *County Concrete Corp. v. Twp. of Roxbury,* 442 F.3d 159, 165 (3d Cir. 2006) (internal citations omitted); *see also Castillo v. FBOP FCI Fort Dix*, 221 Fed. Appx. 172, 174 (3d Cir. 2007); *Mudric v. A.G. of the United States*, 469 F.3d 94, 100 (3d Cir. 2006). Given the inconsistency between the amended complaint and counsel's statement at oral argument, the Court is unclear as to whether the requested relief is premised solely upon New Jersey MLUL, substantive due process grounds, or

upon both. Given that the Court is unable to discern the nature of Count IX, the count does not give sufficient notice pursuant to Rule 8. Thus, the portion of the motion to amend that seeks to add Count IX can be denied on this ground as well.[8]

The Plaintiffs' motion to amend or supplement the complaint is granted with regard to Counts I through VIII, but denied with regard to Count IX.

November 29, 2007

 *s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

[8] Plaintiffs, through Count IX, seek to add the remedy of voiding the planning board's actions. This remedy is available despite the dismissal of Count IX. Because the Court will entertain Counts I through VIII, as amended, the planning board's actions could ultimately be voided if the Court finds this is the appropriate remedy.